Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW, P.A.**
1801 Century Park East
Suite 1100
Los Angeles, CA  90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Defendants
BF ADVANCE LLC AND JOSEPH COHEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                           Plaintiff,<br><br>v.<br><br>BF ADVANCE LLC AND JOSEPH COHEN,<br><br>                           Defendants. | CASE NO.:  3:20-cv-01748-BAS-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS BF ADVANCE LLC AND JOSEPH COHEN'S MOTION FOR STAY AND TO REQUIRE PLAINTIFF ANTON EWING TO POST A BOND AS A VEXATIOUS LITIGANT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 391.1**<br><br>Date: November 23, 2020<br>Time: N/A<br>Ctrm: 4B<br>Judge: Hon. Cynthia A. Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. Introduction

Plaintiff Anton Ewing ("Ewing") is a professional litigant with a demonstrated track record of harassment, threats, and unscrupulous behavior in judicial proceedings.

Ewing was declared a vexatious litigant by the San Diego County Superior Court in an Order dated December 4, 2017.[1] (*See*, Declaration of Jonah A. Grossbardt ("Grossbardt Decl.") in Support of Request for Judicial Notice ("RJN"), Ex. 1 (Court Order issued in *Ewing v. Parker*, San Diego County Superior Court Case No. 37-2016-00028312-CU-BT-CTL).)

In the words of The Honorable Timothy Taylor of the San Diego County Superior Court who authored the opinion, "Mr. Ewing files litigation for sport." His specialty is frivolous TCPA lawsuits.

Ewing has been sanctioned by courts in this district. A copy of the Findings and Admonition to Plaintiff entered by Hon. Larry Alan Burns accompanied Ewing's Complaint as Judge Burns ordered. [Dkt. No. 1 at 24].

BFA seeks the protection of California Code of Civil Procedure § 391.1 which requires a vexatious litigant post of bond as security for costs for the benefit of a defendant. BFA also seeks a stay of the proceedings until a bond is posted, and if no bond is posted by the deadline set by the court, that this case be dismissed.

As Ewing has been found to be a vexatious litigant the Court should require Ewing to post security before proceeding in the current litigation. Until security has been posted, the litigation should be stayed.

## II. Legal Standard

Section 391 of the California Code of Civil Procedure states various procedural mechanisms for controlling vexatious litigation in California Courts.

---

[1] This was the second vexatious litigant order against Ewing. Ewing was first declared a vexatious litigant on December 1, 2005 in *Ewing v. Ivanova*, San Diego Superior Court Case No. GIN051525.

The California Legislature enacted the statute "to ease the 'unreasonable burden placed upon the courts by groundless litigation.'" *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004).

The California vexatious litigant statute provides for a security-for-costs bond. Once a party has been declared a vexatious litigant, he may be required to put up security for the reasonable expenses of a defendant who becomes "the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his attack." *First W. Dev. Corp. v. Superior Court*, 212 Cal. App. 3d 860, 867 (Cal. App. 2d Dist. 1989).

The Local Rules of the Southern District of California also authorize the relief requested here. *See* S.D. Cal. Civ. L. R. 65.1.2 ("A judge may, upon demand of any party, where authorized by law and for good cause shown, require any party to furnish security for costs").

Defendants requests an order requiring Ewing to post a bond for protection against costly frivolous litigation. The bond should be required before the case proceeds further. The case should be stayed in the interim. *See Kinder v. Nationwide Recovery Systems, Ltd., Inc.*, Case No. 07-cv-2132-DMS (AJB), 2009 WL 10725731 (S.D. Cal. May 19, 2009) (ordering vexatious plaintiff *pro se* in TCPA litigation to post security and imposing a stay until security was posted).

### III. CONCLUSION

California courts have already adjudicated Ewing a vexatious litigant. Therefore, this Court should require he post security in order for this case to proceed. The case should be stayed until security is posted.

DATED: October 20, 2020             Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW, P.A.**
Attorneys for Defendants BF Advance LLC
and Joseph Cohen