Anton Ewing (not an attorney)
3077 Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff *Pro Se*

# THE UNITED STATES FEDERAL DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BF Advance, LLC,<br>Joseph Cohen,<br><br>    Defendants | Civil Case No.20-CV-1748 BAS-WVG<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR BOND**<br><br>Memorandum of Points and Authorities<br><br>(no oral argument unless ordered)<br><br>DATE: November 23, 2020<br>TIME: N/A<br>Courtroom: 4B<br><br>Dist. Judge: Hon. Cynthia A Bashant<br>Magistrate: Hon. Judge Gallow |

## BACKGROUND

1. This case was filed on 9/8/2020. Defendants Joseph Cohen and BF Advance, LLC filed their initial motion for bond on 10/20/2020, at ECF No. 4,

based on diversity jurisdiction. That same day, Plaintiff put Defendants on Rule 11 notice and, the very next day, Defendants withdrew their motion. However, later that day, on 10/21/2020, Defendant BF Advance filed a strikingly similar motion as ECF No. 7. Plaintiff has served Defendant's attorney, Jonah A. Grossbardt, who represented BF Advance in Todd Friedman's TCPA class action against BF Advance, with another Rule 11 notice (including a proposed motion). Plaintiff's Rule 11 motion against Defendant BF Advance (only) will be ripe for filing, absent a withdrawal of this improper motion, on November 12, 2020. Since the instant motion before the Court is due on November 23, 2020, and because Plaintiff must respond at least 14 days prior, and because Plaintiff must mail in his documents, this Response in Opposition is due on 11/9/2020, which means it needs to be mailed to the Court on or before 11/6/2020.

## SUMMARY OF OPPOSITION

2. *Pro se* pleadings are to be given wide latitude and every reasonable benefit of the doubt. *Pro se* plaintiffs make lot of mistakes and Plaintiff Ewing makes plenty of them, unintentionally. "In addition to the liberal pleading standards set out in Rule 8(a), a document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). When the plaintiff is appearing *pro se*, the court affords the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi,* 839 F.2d

621, 623 (9th Cir. 1988)." *Harper v. United States*, No. 3:17-cv-01965-GPC-NLS, 2017 U.S. Dist. LEXIS 180577, at *3 (S.D. Cal. Oct. 30, 2017)

3. Pursuant to Rule 15, Plaintiff filed a First Amended Complaint in a good faith attempt to correct some of his drafting errors. The Court rejected that filing and at that time, Defendants has not been formally served. Rather, Defendants voluntarily entered an appearance. The 21-day clock under Rule 15 has not even begun in terms of service of the Complaint. Defendants have been evading service by the ABC Legal process servers.

4. As the Honorable District Judge Sabraw pointed out, only a federal court sitting in "diversity" would logically apply state law under the *Erie* doctrine. *Erie R.R. v. Tompkins*, 304 US 64(1938). This case, *Ewing vs. BF Advance*, is not a diversity case; rather it is only, strictly and solely a federal question jurisdiction case. The TCPA provides $500 per call. The diversity threshold is $75,000. There would have to be over 150 calls to satisfy diversity requirements. *See* 28 USC §1332(a). There are not 150 calls.

5. Defendant BF Advance made no argument, no showing, and adduced no

evidence[1] of the most important part of the test, that is, that "plaintiff has no reasonable probability that he will prevail in the litigation." Given that these defendants have been sued multiple times, recently, for TCPA violations (in class actions in fact), and given that Plaintiff has stated a cause of action that is well-plead, and given that Plaintiff has evidence of calls in 2017, 2019 and 2020 that violate the TCPA, there is no reasonable probability that Plaintiff would fail to prevail in the litigation. Further, Plaintiff has not lost a single TCPA case in any federal court in the last seven years. With only one exception, every defendant sued in this federal district has written Plaintiff a check because they each illegally called Plaintiff in violation of the TCPA. There is nothing frivolous about this case and Defendant BF Advance has failed to articulate a single paragraph or sentence in that regard. Glaringly missing from Defendant's motion is a single declaration or a single exhibit in support of the motion for bond/stay[2].

6.  The Court is respectfully requested to allow Plaintiff to lodge three DVD's with the Court so that the Court can listen, first hand, to the calls made to Plaintiff

---

[1] The Court should not that ECF No. 7 is a motion to request a bond and to stay the case until a post is posted, while ECF No. 8 is a request for judicial notice in support of a motion to declare Plaintiff a vexatious litigant. No such motion has actually been filed yet. The only matter before the Court is the request for bond base on Erie diversity.

[2] Oddly, Defendant has filed another declaration at ECF No. 8 on 10/21/2020 for another matter that is apparently not filed.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR BOND
- 4 -

20CV1748

in 2017 and 2020 by Defendants as well as the scam perpetrated by disbarred attorney Martin Weisberg. See *Smith v. LoanMe, Inc.*, E069752, 2019 WL 6974386 (Cal. App. 4th Dist. Dec. 20, 2019).

### INTRODUCTION

7. The reason this motion should be denied is because: (1) Defendant BF Advance[3] has moved the Court based on a clearly erroneous misreading of the case that they cited in the moving papers, (2) Defendants perpetrated a scam by having a disbarred ex-lawyer[4] contact Plaintiff and claim that Defendant Cohen was deceased and therefore a dismissal should allegedly be filed. Mr. Grossbardt stated on October 21, 2020 on the phone that Mr. Cohen is not deceased[5].

8. When an attorney moves for a good faith modification, extension or reversal of existing law, he must expressly state that. Defendant's attorney has failed to do so (and neither could he do so in good faith).

---

[3] Note that only BF Advance is requesting a bond, and not Cohen even though Grossbardt has appeared for both and the Court has jurisdiction over both.

[4] Attorney Martin Weisberg went to federal prison for stealing millions of dollars from his clients. 07-CR-64- NGG New York Eastern District.

[5] Upon information, diligent research and belief, Joseph C. Cohen is in custody awaiting trial for violation of 18 USC §2252A(a)(2) and (b)(1) and 18 USC §2251(d) and (e). See 19-cv-00719 filed 6/19/2020 in Southern District of Texas. Defendant's attorney was asked to confirm or deny this fact and he failed to respond.

## MEMORANDUM OF POINTS AND AUTHORITIES

9.  Every person must conduct "an inquiry reasonable under the circumstances" as to a paper or pleading's factual and legal basis before presenting such paper to the court." If, judged by an objective standard, a reasonable basis for the position [taken in a paper presented to the court] exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986); see also *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 433-35 (9th Cir. 1996). On the other hand, when a filing is frivolous, legally unreasonable, or without factual foundation, or brought for an improper purpose, Rule 11 sanctions may be appropriate. See *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (citations omitted). If the court determines that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). *Cortina v. Wal-Mart Stores, Inc.*, No. 13-cv-02054-BAS-DHB, 2016 U.S. Dist. LEXIS 119192, at *17-18 (S.D. Cal. Sep. 1, 2016)

10.  Rule 11(b) required Grossbardt to make a reasonable inquiry before he filed the Motion. This Response by Plaintiff is not a Rule 11 motion, which must be filed as a separate and distinct document. As will be shown below, the blatant and glaring errors demonstrate that Mr. Grossbardt made no inquiry whatsoever.

11.     Defendant, at its PageID.115, cites to Local Rule 65.1.2 and quotes "where authorized by law." Thus Defendant knows that unless it is authorized by law, it cannot be authorized. In other words, since this Court is not sitting in diversity, *Erie* is thus not applicable, and only federal law, not state law, applies. Thus, Local Rule 65.1.2 does not dovetail in state law because it is not "authorized by law."

12.     Defendant then, in the very next paragraph[6], cites to the *Kinder vs. Nationwide Recovery Systems, Ltd, Inc* (07-cv-2132 DMS AJB)[7], ruling from 5/19/2009. That ruling clearly states that the power of the district court is vested, with respect to CCP §391, only because it is sitting in diversity jurisdiction. The law is clear. Additionally, this case before the Court is, without a doubt, here on Federal Question jurisdiction and not on diversity. Roman numeral II of the Civil Case Cover sheet sets forth, in box 3, that this is a federal question jurisdiction case and Roman numeral VI states the actual controlling federal statutes, 47 USC §227(b) and (c). See 28 USC §1331. *See also* First Amended Complaint Paragraph 22 mailed to the Clerk of the Court on October 21, 2020 (not yet posted) but attached hereto as Exhibit A.

---

[6] The paragraphs in the moving pagers were not number which is itself a violation of Local Rule 5.1(k) and FRCP 7(b)(2) as well as 10(b). The Court make deny the motion based on the attorney's failure to comply with the rules.

[7] Interestingly, in eleven years, this case has never been cited even once.

13. It is the plaintiff that asserts jurisdictional grounds. A defendant has no right, power or authority to tell a plaintiff how his case is to be filed, what grounds to assert or what causes of action to include.

14. At page 3, lines 18-19 of the "corrected" motion that Mr. Grossbardt signed pursuant to Rule 11, he instructed the Court that *Kinder*[8] vs. *Nationwide Recovery*[9] "order[ed] vexatious plaintiff pro se in TCPA litigation to post security...". That statement by Mr. Grossbardt is a pure lie. There was no order to post a sum certain bond in *Kinder*. The Court can take judicial notice of the docket in *Kinder*. Mr. Grossbardt was informed by Plaintiff that he was making a false and deceitful statement to the Court and that he has a duty, under Local Rule 2.1, State Bar rules of professional conduct 3.3(a)(1), and B&P §6068(d) to be candid to the honorable Court. Mr. Grossbardt has refused to withdraw his false statement to this Court. His actions appears to be willful and wanton.

15. Defendant BF Advance adduced no evidence and no argument that "there is no reasonable probability that the plaintiff will prevail in the litigation." It is Defendant's burden to show that Plaintiff has no reasonable probability of

---

[8] It appears that Mr. James M. Kinder was in fact deceased at the time. The case is listed at "administrator and personal representative of the estate of James M. Kinder."

[9] The Court can review the ECF docket form 07-cv-2131-DMS (AJB) and see that no bond was ever ordered by the Honorable District Judge Sabraw.

prevailing. Given that Plaintiff can and will provide the honorable Court the exact indisputable proof, if allowed, this case is a certain win for Plaintiff.

16. The Court should also keep in mind that these defendants have been sued multiple times before in TCPA class actions lawsuits. *See* 18-cv-06018-VC (Northern District of CA)[10] and 19-cv-10281-DDP-RAO (Central District of CA).

17. Importantly, this is not a motion to declare Plaintiff a vexatious litigant under the federal test and pursuant to federal law, which is very different than the state test under CCP §391 et seq. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted).

18. A pre-filing review order is appropriate if (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to closely fit the specific vice encountered." *De Long v. Hennessey*, 912 F.2d at 1145-48; *see also Johns v. Town of Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal.

---

[10] Jonah A. Grossbardt, Esq. is listed at attorney of record for BF Advance in this TCPA case. Mr. Grossbardt likely knows that his client engages in illegal telemarketing.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR BOND
- 9 -

20CV1748

1993) (applying *De Long*). *Harper v. United States*, No. 3:17-cv-01965-GPC-NLS, 2017 U.S. Dist. LEXIS 180577, at *6-7 (S.D. Cal. Oct. 30, 2017).

19. At ECF No. 8, PageID.120, lines 12-13, Defendant BFAdvance, LLC states "…its Corrected Motion to Declare Plaintiff Anton Ewing a Vexatious Litigant." Plaintiff respectfully requests the Court to deny Defendant's alleged motion with prejudice. Further, Plaintiff has not had "at least five litigations finally determined adversely" in the past seven years.

20. Finally, Defendant BF Advance was required by Local Rule and Chamber Rule 4.D to provide the Court, via email, a proposed order. No such email was sent, or if it was, it was not concurrently copied to Plaintiff and thus it would have been an ex parte communication with the Court.

**Wherefore**, the Court is requested to deny the motion for bond and not order a stay. Further, since Defendant Cohen has made an appearance by filing a motion, he should be ordered to file an Answer.

Respectfully submitted,

Dated this 5th day of November, 2020

/s/ Anton Ewing
Anton Ewing,
Plaintiff in pro per
Anton@AntonEwing.com

Anton Ewing (not an attorney)
3077 Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff *Pro Se*

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BF Advance, LLC,<br>Joseph Cohen,<br><br>　　　　Defendants | Civil Case No.20-CV-1748 BAS-WVG<br><br>**PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR BOND**<br><br>(no oral argument unless ordered)<br><br>DATE: November 23, 2020<br>TIME: N/A<br>Courtroom: 4B<br><br>Dist. Judge: Hon. Cynthia A Bashant<br>Magistrate: Hon. Judge Gallow |

　　I, Anton Ewing, am over the age of 18 and the Plaintiff in this matter, do

hereby depose, state and declare under penalty of perjury that the following is true

and correct of my own personal knowledge:

1. On April 6, 2017, I received an illegal and unsolicited telemarketing call from Roger Diaz, who called himself a "BFA Funding Specialist."

2. Roger Diaz was an employee of Defendant BF Advance, LLC at the time of his call to me.

3. I told Roger Diaz that my number was on www.donotcall.gov and to never call me ever again.

4. Roger Diaz sent me six emails from rdiaz@bfadvance.com on April 6, 2017 confirming:

    a. "It was a please speaking to you over the phone today"

    b. Sending a pdf loan application file

    c. Yes, New York: 1506 Kings Hwy, Brooklyn, NY 11229"

    d. "We use an external call center to transfer calls and since it's tri-party may sound noisy"

5. On February 21, 2019, I received an illegal and unsolicited telemarketing call from Robert Beecher, who called himself a "BFA Funding Specialist."

6. Robert Beecher was an employee of Defendant BF Advance, LLC at the time of his call to me.

7. Robert Beecher sent me two emails, from rbeecher@bfadvance.com, on February 21, 2019. One email had the BF Advance loan application

and the other email confirmed that he knew that I was in California. His exact response was "toni-i am fully aware.we deal with many merchants in your state.thanks."

8. On August 11, 2020, I received a call from BF Advance employee Max Maaz that was illegal and unsolicited.

9. Max Maaz sent me two emails on August 11, 2020. One was an SBA consulting agreement and the other was a loan application from BF Advance. The email was sent from maxmaaz@bfadvance.com.

10. My lawsuit is not frivolous and not intended to harass, embarrass or annoy the Defendants. I just want to be left alone. I am sick of getting harassed by BF Advance, LLC's telemarketing calls.

11. On April 6, 2017, I filed a BBB complaint against BF Advance to try to get them to stop telemarketing me.

12. I was called by attorney Martin Weisberg on September 23, 2020, from 914-319-80503. Mr. Weisberg told me that he represented Diane Cohen and that Joseph Cohen was deceased. Mr. Weisberg also told me that Joseph Cohen did not own BF Advance. Mr. Weisberg told me that he was going to sue me if I did not dismiss my lawsuit immediately.

13. I have determined that Martin Weisberg was formerly a partner at Baker & McKenzie and he was disbarred. Mr. Weisberg went to federal

## PROOF OF SERVICE

I, Anton Ewing, being a United States Citizen and over the age of 18 and a party to this case, hereby declare that I have served the following documents:
I am readily familiar with the firm's practice of collection and processing correspondence for mailing.

**Plaintiff Ewing's Response in Opposition to Defendant's Motion for Bond.**

On: November 5, 2020

In the following manner:

__x__ - By placing a true and correct copy of the same in the US mail, first class postage prepaid, on November 5, 2020 to:

Jonah A. Grossbardt 283584
1801 Century Park East
Suite 1100
Los Angeles, CA 92067

____ By scanning and emailing the same to_____ through the CM/ECF computer system.

____ By placing a true and correct copy of the same in the USA service pick up box at the federal district court

CM/ECF users were served by email via the CM/ECF system.

I declare under penalty of perjury that the above is true and correct. My business address is 3077 Clairemont Drive #372, San Diego, CA 92117.

Dated: November 5, 2020___        /s/ Anton Ewing
                                   Anton Ewing