**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BF ADVANCE LLC AND JOSEPH COHEN,<br><br>　　　　　　Defendants. | Case No. 20-cv-01748-BAS-WVG<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION FOR STAY AND FOR AN ORDER REQUIRING PLAINTIFF TO POST BOND AS A VEXATIOUS LITIGANT (ECF No. 7);**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 11); AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 14)** |

　　　Mr. Ewing brings this Complaint pursuant to the Telephone Consumer Protection Act. (ECF No. 1.) He has not served the Defendants. Nonetheless, Defendant BF Advance ("Defendant") has filed a Motion to Stay the Action and to have Plaintiff post a bond as a vexatious litigant before proceeding. (ECF No. 7.) Plaintiff opposes, and Defendant replies. (ECF Nos. 10, 12.)

　　　Plaintiff also files a Motion for Leave to File an Amended Complaint. (ECF No. 11.) Defendant opposes, asking the Court to rule first on its Motion to Stay and have Plaintiff declared a vexatious litigant. (ECF No. 13.)

Finally, Plaintiff moves for entry of default judgment against Defendant. Even though Plaintiff admits he has not yet served Defendant with the Complaint, he argues that its Motion to Stay qualifies as a general appearance. (ECF No. 14.) Defendant opposes. (ECF No. 15.)

For the reasons stated below, the Court **DENIES** Defendant's Motion to Stay while Plaintiff is ordered to post a bond as a vexatious litigant; **GRANTS** Plaintiff's Motion to Amend the Complaint; and **DENIES** Plaintiff's Motion for Entry of Default Judgment.

## I. BACKGROUND

Plaintiff, appearing pro se, has filed numerous complaints in both federal and state court. Many of them, like the one in this case, allege violations of the Telephone Consumer Protection Act ("TCPA"). Apparently in one such federal case, Mr. Ewing demonstrated "discourteous and unprofessional" conduct in dealing with opposing parties and counsel. (*See* Compl. at 24–26.) Judge Burns admonished Plaintiff in a written order and ordered Mr. Ewing "to be courteous and civil in all communications with opposing counsel, parties and third parties and to refrain from disparaging their intelligence, ethics or behavior." (*Id.*) Additionally, because there was some suggestion that Mr. Ewing had represented himself as a lawyer, despite not being barred in the state of California, Judge Burns ordered Mr. Ewing not to use J.D. after his name. (*Id.*) Finally, Judge Burns ordered that a copy of his order be filed along with any pro se pleading filed by Mr. Ewing in this district over the next three years. (*Id.*) Along with the Complaint in this case, Mr. Ewing did attach a copy of Judge Burns' order and he has specifically identified himself as "not an attorney" in all filings in this case.

This Court further grants Defendant's request to take judicial notice of the order from the San Diego Superior Court finding Mr. Ewing to be a vexatious litigant under California's vexatious litigant statute, Code of Civil Procedure § 391. (ECF No. 8-2.) *See Bothelho v. U.S. Bank. N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) (holding that Rule 201 allows courts "to 'take notice of proceedings in other

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). Specifically, the Superior Court found that Mr. Ewing had had more than five matters determined adversely to him and thus found he qualified as a vexatious litigant. (ECF No. 8-2.) Thus, the San Diego Superior Court ordered that any future filings by Mr. Ewing in state court require leave of the presiding judge who will only allow the case to proceed if it appears the litigation has merit and has not been filed for the purposes of harassment or delay. (*Id.*)

## II.   ANALYSIS

### A.   Motion to Have Plaintiff Post Bond as a Vexatious Litigant

Defendant first asks that this case be stayed, that Mr. Ewing be declared a vexatious litigant, and that Mr. Ewing be required to post a bond before proceeding with this litigation.

"'The All Writs Act, 28 U.S.C. §1651(a) provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.'" *Kinder v. Harrah's Entertainment, Inc.*, No. 07-cv-2132-DMS, 2008 WL 11508682, at *1 (S.D. Cal. April 29, 2008) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (per curiam), rehearing en banc denied 521 F.3d 1215 (2008), cert. denied 555 U.S. 1031 (2008)); *see also Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation."). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.*; *see also DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quotations omitted)). Nonetheless, "such pre-filing orders should rarely be filed." *Id*.

In *DeLong*, the Court laid out a four-part test before finding a litigant to be vexatious. The first two requirements are procedural: the litigant must have notice and an opportunity to be heard on the issue and there must be an adequate record for review. *Id.* at 1147–48. With respect to this second factor, the court "'should include a listing of all cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Molski*, 500 F.3d at 1058 (quoting *DeLong*, 912 F.2d at 1147).

The last two factors are substantive. First, the court must make substantive findings that the plaintiff's litigation has been frivolous or harassing. *DeLong*, 912 F.2d at 1148. And, finally, any restriction must be narrowly tailored "to closely fit the specific vice encountered." *Id.* at 1147–48.

With respect to substantive findings of frivolous or harassing litigation, the court must find more than a show of litigiousness. *Id*. "[T]he simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'" *Molski*, 500 F.3d at 1061. Even "the textual and factual similarity of a plaintiff's complaints, standing alone, is not a basis for finding a party to be a vexatious litigant." *Id*. After all, "there is nothing inherently vexatious about using prior complaints as a template." *Id.*

The Second Circuit in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) lays out a five-factor standard that "provides a helpful framework" for determining whether the plaintiff's litigation has been frivolous or harassing. *Molski,* 500 F.3d at 1058. *Safir*'s five-factor standard includes: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits"; (2) "the litigant's motive in pursuing the litigation" and "whether the litigant had a good faith expectation of prevailing"; (3) "whether the litigant is represented by counsel"; (4) "whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts"; and (5) "whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24.

Defendant cites two judicial opinions as support for its motion. The first, from Judge Burns, admonished Mr. Ewing for discourteous and unprofessional behavior. Defendant points to no evidence that Mr. Ewing has repeated that behavior in this case. Furthermore, Mr. Ewing appears to have followed the admonition of Judge Burns, attaching the order to this Complaint, and adding "(not an attorney)" after his name in all pleadings in this case. This order does not support Defendant's argument that Plaintiff's litigation has been frivolous or harassing.

Next, Defendant points to the fact that Mr. Ewing has been declared a vexatious litigant in San Diego Superior Court because he has lost more than five matters over seven years. (ECF No. 8-2.) However, one's status as a vexatious litigant in state court is not dispositive of the determination of vexatious litigant status in federal court. *See Kinder*, 2008 WL 11508682, at *2. "[T]his Court cannot simply import a state court 'vexatious litigant' label and apply it to a litigant in federal court." *Id.* "California's definition of vexatious litigation, for example, is far more inclusive than the federal standard." *Id.*

Defendant's reliance solely on the state court declaration of vexatious litigant status is insufficient to establish that Mr. Ewing's litigation has been frivolous or harassing in federal court under the *DeLong*/*Molski* standard. Specifically, with respect to the first three factors laid out in *Safir*: (1) Defendant has not filed sufficient support to show that Mr. Ewing's litigation has been "vexatious, harassing, or duplicative" in federal court; (2) Defendant has not shown that Mr. Ewing did not have a good faith expectation of prevailing in this or any other federal case; and (3) Mr. Ewing, although he claims to have a law degree, is not a lawyer and is not represented by counsel. Accordingly, the Court finds Defendant has provided inadequate support for its claim that Mr. Ewing should be declared a vexatious litigant.

### B.     Motion to Amend Complaint

Plaintiff moves to amend the Complaint which has not yet been served on Defendant. A party may amend a pleading once as a matter of course before the pleading is served. Fed. R. Civ. P., Rule 15(a). Defendant objects only on the ground that the Court should

first rule on its Motion to Stay before granting Plaintiff leave to amend. Since the Court has denied the Motion to Stay as indicated above, Plaintiff's Motion to Amend the Complaint is granted.

### C. Motion for Default Judgment

Although Plaintiff has admittedly not yet served Defendant, Plaintiff moves for default judgment, arguing that Defendant's Motion to Stay constituted a general appearance, waiving any requirement of personal service under Federal Rule of Civil Procedure 4 ("Rule 4"). A defendant must be served pursuant to Rule 4 before a court can exercise personal jurisdiction over the defendant. *Jackson v. Hayahawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "Neither actual notice . . . nor simply naming the person in the caption of the complaint" is sufficient to bypass this requirement. *Id.*

A defendant may, however, waive the requirement of Rule 4 service by appearing generally in the case without challenging the defect in a preliminary motion or responsive pleading. *Id.* "Jurisdiction attaches if a defendant makes a voluntary general appearance." *Id.* "'An appearance is general if the party contests the merits of the case or raises other jurisdictional objections.'" *Craters & Freighters v. Daisychain Enterprises*, No. 09-04531 CW, 2010 WL 761310, at *3 (N.D. Cal. Mar. 2, 2010).

Ordinarily a general appearance requires an overt act which demonstrates both "knowledge of the suit and an intention to appear." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "Only those submissions, appearances and filings that give plaintiff a reasonable expectation that defendants will defend the suit on the merits" result in waiving the requirement of service under Rule 4. *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011.) The Sixth Circuit has held that "[a] motion to stay litigation signals only that a defendant wishes to postpone the court's disposition of the case. Far from indicating that a defendant intends to defend a suit on the merits, a motion to stay can serve to indicate the opposite." *Id.*

Similarly, in this case, Defendant has filed only a Motion to Stay seeking to require Plaintiff to post a bond before proceeding. This does not constitute a general appearance

and, therefore, Plaintiff's Motion for Default is denied. Plaintiff must comply with Rule 4 once his amended complaint is filed.

## III.   CONCLUSION

For the above stated reasons, the Court orders as follows:

(1)   Defendant's Motion to Stay and to have Mr. Ewing declared a vexatious litigant (ECF No. 7) is **DENIED**.

(2)   Mr. Ewing's Motion to Amend the Complaint (ECF No. 11) is **GRANTED**. Mr. Ewing is ordered to file his Amended Complaint 14 days after this Order is docketed.

(3)   Plaintiff's Motion for Entry of Default Judgment (ECF No. 14) is **DENIED**. Once Plaintiff files his Amended Complaint, he must serve Defendant in compliance with Rule 4.

**IT IS SO ORDERED.**

**DATED: February 11, 2021**

Hon. Cynthia Bashant
United States District Judge