# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                           Plaintiff,<br><br>       v.<br><br>BF ADVANCE, LLC, a New York Limited Liability Company; JOSEPH COHN, an individual,<br><br>                           Defendants. | Case No. 20-cv-1748-BAS-WVG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**(ECF No. 24)** |

Before the Court is Defendants' Motion to Dismiss for lack of personal jurisdiction. (ECF No. 24.)  Plaintiff filed a Response in Opposition to Defendants' Motion and Defendants filed a Reply on April 28, 2021.  (ECF Nos. 28, 32.)  The Court finds the Motion to Dismiss suitable for determination on the papers submitted and without oral argument.  *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1).  Upon review of the parties' arguments, the Court **DENIES** Defendants' Motion to Dismiss.

## I.     BACKGROUND

In the operative First Amended Complaint, Plaintiff alleges Defendants BF Advance ("BFA") and BFA manager Joseph Cohen violated the Telephone Consumer Protection Act ("TCPA"), the California Invasion of Privacy Act, and the California Consumer Privacy Act.  (*See generally*, First Am. Compl. ("FAC"), ECF No. 18.)  The FAC alleges that Defendants or Defendants' agents called Plaintiff's cell phone beginning around January 2017, after which Plaintiff told Defendants to stop calling.  (*Id.* ¶ 48.)  Plaintiff documents nine phone calls, which form the basis of his allegations, from April 6, 2017, to August 11, 2020.  (*Id.* ¶ 7.)  Plaintiff asserts that on all calls, telemarketers

- 1 -

stated they were calling from "BF Advance" to attempt to sell Plaintiff a loan and obtain Plaintiff's social security number.  (*Id.*)  Elsewhere in the FAC, Plaintiff claims Defendants called Plaintiff to sell Plaintiff a medical device.  (*Id.* ¶ 24.)  Plaintiff alleges that "a very distinct bubble popping sound" at the beginning of the calls indicated that Defendants used an automatic telephone dialing system ("ATDS") to call Plaintiff.  (*Id.* ¶ 22.)  Plaintiff did not consent to the calls, and Plaintiff's telephone number was registered on the National Do-Not-Call Registry.  (*Id.* ¶¶ 22, 49.)

Plaintiff broadly uses "Defendants" to describe BFA, Mr. Cohen, and currently unascertained Doe Defendants.  (FAC ¶ 20.)  Parts of the FAC allege that Mr. Cohen is individually liable because Mr. Cohen purchased and activated the ATDS and knew about or directed the calls.  (*Id.* ¶¶ 8, 24.)  Plaintiff also alleges that Mr. Cohen directly called him from Mr. Cohen's phone number.  (*Id.* ¶¶ 52, 59.)

Additionally, Plaintiff alleges that "each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants" and that each act was "made known to, and ratified by, each of the other Defendants."  (FAC ¶ 21.)  Specifically, Plaintiff alleges an agency relationship between BFA and Mr. Cohen (*id.* ¶ 3), between BFA and a third-party telemarketing lead source (*id.* ¶ 7), and between Mr. Cohen and the third-party telemarketing lead source (*id.* ¶ 8).  Plaintiff also alleges that Mr. Cohen is liable under an alter ego theory.  (*Id.* ¶ 4.)

Plaintiff asserts the Court has personal jurisdiction over Defendants because "a substantial part of the wrongful acts alleged in this Complaint were committed in California and because Joseph Cohen has significant contacts and assets in California."  (*Id.* ¶ 15.)  Defendants state that the Court does not have general personal jurisdiction over them because Defendants are not "essentially at home" in California and assert that they have no connection to the alleged phone calls sufficient to establish specific personal jurisdiction (Mem. of P. & A. in supp. of Mot. to Dismiss ("Mem. of P. & A.") at 4:27, 5:7–8, ECF No. 24-1.).

20cv1748

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(2)

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). To withstand a motion to dismiss without an evidentiary hearing, the plaintiff "need make only a prima facie showing of jurisdictional facts." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.* (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

"When considering a motion to dismiss for lack of personal jurisdiction, courts are not confined to the plaintiff's complaint; it is appropriate to consider evidence such as party declarations." *Frankie Valli & The Four Seasons v. EMI Music Publ'g Ltd.*, No. CV 17-7831-MWF (JCx), 2018 WL 6136818, at *3 (C.D. Cal. May 22, 2018). "Although the plaintiff cannot 'simply rest on the bare allegations of [his] complaint,' uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir.1977)). Conflicts between statements in parties' affidavits must be resolved in the plaintiff's favor, *id.*, and courts "draw reasonable inferences from the complaint in favor of the plaintiff." *Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012), *rev'd on other grounds*, 571 U.S. 277 (2014). However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc*, 557 F.2d at 1284.

Inartful pleadings by pro se litigants "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Breedlove v. Wells Fargo Bank, N.A.*, No. CV-09-8135-PCT-JAT, 2010 WL 3000012, at *8 (D. Ariz. July 28, 2010) ("[T]he Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

20cv1748

**B.    Personal Jurisdiction**

"Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* (citing Cal. Civ. Proc. Code § 410.10).

Personal jurisdiction may be general or specific. *Bristol-Myers Squibb Co. v. Sup. Ct. Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "A corporation is typically subject to general jurisdiction in its place of incorporation or principal place of business. *Abitbol v. Homelink, LLC*, No. 2:20-cv-03654-RGK-PJW, 2020 WL 5102149, at *2 (C.D. Cal. July 28, 2020) (citing *Goodyear*, 564 U.S. at 924).

If a defendant's activities in a state do not establish general jurisdiction, the defendant's contacts related to the cause of action may still subject him to specific jurisdiction. *Data Disc*, 557 F.2d at 1287. The defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit requires the following to establish minimum contacts for specific jurisdiction:

> (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

1   (3) the exercise of jurisdiction must comport with fair play and substantial
2   justice, i.e. it must be reasonable.

3   *Schwarzenegger*, 374 F.3d at 802.  The plaintiff bears the burden of satisfying the first
4   two prongs of the test.  *Id*.  The burden then shifts to the defendant to show that jurisdiction
5   would not be reasonable.  *Id.*

6   ## III.   ANALYSIS

7   Here, Plaintiff does not assert the existence of general jurisdiction over any
8   Defendant; regardless, Defendants' contacts with California do not support an exercise of
9   general jurisdiction.  (*See* FAC ¶¶ 5–6; Decl. of Joseph Cohen ("Cohen Decl.") ¶¶ 2, 4, 9,
10  ECF No. 24-2 (stating that Mr. Cohen resides in New York and that BFA is a New York
11  LLC that does no business in California).)[1]  Therefore, the only issue is whether the Court
12  has specific jurisdiction over BFA and Joseph Cohen.

13  ### A.   Prong One: Purposeful Direction

14  The Ninth Circuit's first specific jurisdiction prong requires purposeful direction or
15  purposeful availment.  Courts "generally apply the purposeful availment test when the
16  underlying claims arise from a contract, and the purposeful direction test when they arise
17  from alleged tortious conduct."  *Schwarzenegger*, 374 F.3d at 802.  "Claims for violation
18  of the TCPA sound squarely in tort and require application of the purposeful direction
19  analysis."  *Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 WL 3883273,
20  at *3 (C.D. Cal. May 20, 2020).

21  Courts evaluate purposeful direction under a three-part "effects" test.
22  *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).  Under
23  this test, a defendant must have "(1) committed an intentional act, (2) expressly aimed at
24  the forum state, (3) causing harm that the defendant knows is likely to be suffered in the
25  forum state."  374 F.3d at 803 (citation omitted).  In context of the TCPA, the "intentional
26  act" prohibited by statute is "[making] any call (other than a call made for emergency

---

[1] For this reason, the Court finds Defendants' Request for Judicial Notice (ECF No. 25) moot.

purposes or made with the express prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff pleads multiple theories of liability to establish that Defendants purposely directed their activities to California in violation of the TCPA. This order addresses them one by one.

### 1. Direct Liability

One of Plaintiff's theories is direct liability—he alleges many times that Defendants directly called him in violation of the TCPA. (*See, e.g.*, FAC ¶ 59 ("Defendants both contacted or attempted to contact Plaintiff . . . .").) Plaintiff claims that the telemarketers identified themselves as "BF Advance" on each of the nine calls. (*Id.* ¶ 7.) He also alleges that Defendant Joseph Cohen called him directly. (*Id.* ¶ 52.)

Under a theory of direct liability, the allegation that Defendants made phone calls to Plaintiff's California number in violation of the TCPA satisfies the purposeful direction test because the Court can reasonably infer that Defendants (1) intentionally called a number with a California area code, (2) expected to reach someone in California by calling a California number, and (3) caused harm likely to be suffered in California by calling Plaintiff's California number in violation of the TCPA. *See Ewing v. McCarthy*, No. 3:17-cv-01554-GPC-RBB, 2017 WL 4810098, at *3 (S.D. Cal. Oct. 25, 2017); *see also Luna v. Shac, LLC*, No. C14-00607-HRL, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) (finding that TCPA violations satisfied effects test and citing supporting cases).

However, Plaintiff's allegations of Defendants' direct contacts in violation of the TCPA are contradicted in a declaration accompanying Defendants' Motion to Dismiss. The declaration is based on Mr. Cohen's personal knowledge as manager of BFA. (Cohen Decl. ¶¶ 1, 3.) He states that BFA does not engage in outbound telemarketing and that he has not had any contact with California in his capacity as a BFA manager. (*Id.* ¶¶ 8, 17.) Plaintiff's Response does not allege facts contradicting those declarations. (*See generally* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 28.) Mr. Cohen's factual

- 6 -

statements under sworn testimony defeat Plaintiff's allegations that BFA and Mr. Cohen called him directly.

Because Mr. Cohen's declaration contradicts Plaintiff's allegations, the Court may not assume the truth of the allegations. *See Data Disc*, 557 F.2d at 1284. Moreover, Plaintiff proffers no declaration of his own, and therefore no conflict between the parties' statement is required to be resolved in the Plaintiff's favor. See *Schwarzenegger*, 374 F.3d at 802. As such, Plaintiff has not satisfied his burden of establishing purposeful direction under this theory.

### 2.   Indirect Liability

Even if Defendants are not directly liable for purposefully directing conduct to California in violation of the TCPA, purposeful direction may be attributed to Defendants if Plaintiff makes a sufficient showing of an agency or alter ego relationship between Defendants and alleged agents. *See Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (recognizing that "[a]gency relationships . . . may be relevant to the existence of specific jurisdiction" and that "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there"; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (asserting that a party can establish personal jurisdiction based on an alter ego theory); *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1074 (9th Cir. 1986) (acknowledging that "there will be cases in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable").

For individual corporate officers like Mr. Cohen, the individual's mere relationship with a corporation that caused injury in the forum state is not enough, on its own, to establish personal jurisdiction. *See Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). However, a defendant's employee status "does not somehow insulate [him] from jurisdiction." *Calder*, 465 U.S. at 790. Individual defendants under a fiduciary shield may be subject to jurisdiction if a court finds reason to "pierce the corporate veil." *Davis*, 885 F.2d at 520. "Courts pierce the corporate veil where the corporation is the

20cv1748

agent or 'alter ego' of the individual defendant." *Moser v. Lifewatch Inc.*, No. 19-cv-831-WQH-BLM, 2020 WL 1849664, at *5 (S.D. Cal. Apr. 13, 2020) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984)).

### a.   *Agency Liability*

A defendant may be held vicariously liable for TCPA violations under federal common-law principles of agency. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016); *In re the Joint Petition Filed by Dish Network, LLC* ("*In re Dish Network*"), 28 FCC Rcd. 6574, 6574 (2013)[2] ("[W]hile a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers.").

"In determining . . . the general common law of agency, [courts] have traditionally looked for guidance to the Restatement of Agency." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 752 n.31 (1989). "Agency can be established expressly, via a showing of actual authority, or it can be inferred, by finding apparent authority or ratification." *Naiman v. TranzVia LLC*, No. 17-cv-4813-PJH, 2017 WL 5992123, at *10 (N.D. Cal. Dec. 4, 2017) (citing Restatement (Third) of Agency §§ 2.01, 2.03, 4.01). Actual agency means a defendant "controlled or had the right to control [the agents] and, more specifically, the manner and means of the [action]." *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014). Agency through apparent authority involves a principal's manifestations to a third party, who reasonably believes that the principal authorized the agent to act. *Nat'l Lab. Rels. Bd. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997). Ratification requires that a defendant either have actual knowledge of the facts

---

[2] The Ninth Circuit has determined that courts must give *Chevron* deference to the FCC's interpretation of agency theories because the interpretation was part of a fully adjudicated declaratory ruling and Congress has not spoken directly. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing cases, including *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)), *aff'd*, 577 U.S. 153 (2016), *as revised* (Feb. 9, 2016)).

of an agent's action or chooses to affirm the agent's acts through willful ignorance without knowledge of the material facts. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1073 (9th Cir. 2019), *as amended on denial of reh'g and reh'g en banc* (May 6, 2019); *In re Dish Network*, 28 FCC Rcd. at 6592 (declaring that a seller may be responsible for the TCPA violations of a third-party telemarketer if it "knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct"). "The focal point of ratification is an observable indication that a principal has exercised an explicit or implicit choice to consent to the purported agent's acts." *Henderson*, 918 F.3d at 1075.

### i.    BFA's Liability Under Agency Theory

Plaintiff alleges that BFA is liable under an agency theory because BFA's agents called Plaintiff in violation of the TCPA. (FAC ¶ 38.)  To support his allegations of agency against BFA, Plaintiff alleges that BFA "requires a certain and specific script to be read and only [their web domain] to be used" and that "Defendants [sic] controlled every aspect of its agent's operations including the scripts to be read on each call and . . . Defendant required its agent to record each telemarketing call." (*Id.* ¶¶ 21, 38.)[3]  The allegations that BFA required agents to record calls and use a certain script and web domain support Plaintiff's agency theory given that the allegations amount to BFA controlling the manner and means of the calls made in violation of the TCPA. *See Thomas*, 879 F. Supp. 2d at 1084.  Furthermore, Mr. Cohen does not state that BFA does not utilize a third-party telemarketing service; he asserts only that BFA does not itself engage in outbound telemarketing. (Cohen Decl. ¶ 8.)  Mr. Cohen also states that BFA "has never contracted to perform any services or furnish any materials to any person or entity in California" (*id.*

---

[3] Although Plaintiff uses "Defendants" rather than specifically naming BFA (*see* FAC ¶ 21), this factual allegation mirrors Plaintiff's other allegation that BFA required a script (*see id.* ¶ 38). Because of the similarity of Plaintiff's allegations, his use of the singular "Defendant," and his use of the singular pronoun "its," the Court makes the reasonable assumption in Plaintiff's favor that this allegation refers to BFA. *Cf. Hughes*, 449 U.S. at 9 (requiring courts to liberally construe pro se pleadings).

¶ 13), but this does not exclude the possibility that BFA contracted for telemarketing services with an agency outside California that made calls into California. Because Defendants have therefore not controverted Plaintiff's allegations regarding BFA's control of the manner and means of the alleged agent's TCPA violations, Plaintiff has sufficiently pled agency liability against BFA.

　　　　　　　　　　ii.　　Joseph Cohen's Liability Under Agency Theory

Plaintiff alternatively alleges that BFA and BFA's telemarketing agents are agents of Joseph Cohen. (FAC ¶ 7.) The FAC frequently alleges that BFA and BFA's agents worked at the direction and control of Mr. Cohen. (*See, e.g.*, *id.* ¶ 8.) Plaintiff's FAC does not plead any facts specifying how Mr. Cohen exercised actual direction or control over BFA or BFA's agents; thus, Plaintiff's allegations are too conclusory to state a claim under an actual agency theory. However, Plaintiff's FAC also alleges ratification. (*Id.* ¶¶ 21, 65.) In support, Plaintiff alleges that Mr. Cohen purchased, set up, and activated the ATDS and that Defendants contacted Plaintiff from telephone numbers confirmed to be Mr. Cohen's numbers. (*Id.* ¶¶ 24, 59.) Mr. Cohen asserts he has not had any contact with California in his capacity as manager of BFA (Cohen Decl. ¶ 17), but he does not controvert Plaintiff's allegations regarding the setup of the ATDS or that his phone number was used to call Plaintiff. Mr. Cohen's declaration that he did not "direct, oversee, or manage BFA or any third party in initiating outbound calls" (*id.* ¶ 21) is not enough to wholly refute agency because ratification exists when a principal knows or is willfully ignorant of an agent's conduct. *See Henderson*, 918 F.3d at 1073. If Mr. Cohen did purchase, setup, and activate the ATDS used to call Plaintiff and/or allow another party to use his phone number to call Plaintiff in violation of the TCPA, those facts would support an agency relationship under a ratification theory.

The Court recognizes Plaintiff's inartful and at times nebulous agency allegations; however, Plaintiff's FAC alleges two uncontroverted facts that, if true, properly allege an agency theory of ratification liability against Mr. Cohen.

- 10 -

b.   *Alter Ego Liability*

Personal jurisdiction may also be established through alter ego liability.  *Ranza*, 793 F.3d at 1073.  "In determining whether alter ego liability applies, [courts] apply the law of the forum state."  *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010).  The Ninth Circuit explains that:

> California recognizes alter ego liability where two conditions are met: First, 'where there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice.'

*Id.* at 1038 (quoting *Wood v. Elling Corp.*, 20 Cal.3d 353, 365 n. 9 (1977)).  "The 'unity of interest and ownership' prong requires 'a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former.'"  *In re Boon Glob. Ltd.*, 923 F.3d 643, 653 (9th Cir. 2019) (quoting *Ranza*, 793 F.3d at 1073).  If the first prong is not met, the Court does not need to analyze the "fraud or injustice" prong.  *Ranza*, 793 F.3d at 1075 n.9.

Here, Plaintiff alleges that BFA is the alter ego of Mr. Cohen.  (FAC ¶ 4.)  Plaintiff does not allege any facts to support a showing of control to such a degree needed to establish that BFA is the alter ego of Mr. Cohen.  The FAC merely states that Mr. Cohen is the sole owner and officer of BFA, which does not amount to an alter ego.  (*Id.* ¶¶ 26–27.)  *See Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity.")   Additionally, Mr. Cohen contradicts Plaintiff's allegations of ownership and control in his Declaration, where he asserts that he is a manager but does not own any interest in BFA and is not an owner of BFA.  (Cohen Decl. ¶¶ 3, 6.)  Because Plaintiff has not sufficiently alleged facts supporting an alter ego theory of liability, the Court finds BFA not to be the alter ego of Mr. Cohen.

20cv1748

**B.     Prong Two: Arising Out Of or Relating to Defendants' Conduct**

To assess satisfaction of the second specific jurisdiction prong (that the plaintiff's claim arises out of the defendant's forum-related conduct), the Ninth Circuit looks to whether the plaintiff "would not have suffered an injury 'but for' [defendant's] forum related conduct." *Myers v. Bennet Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Here, but for Defendants' alleged contact with Plaintiff in violation of the TCPA, Plaintiff would not have a TCPA claim against Defendants. *See Sasin v. Enter. Fin. Grp., Inc.*, No. CV 17-4022-CBM-RAO, 2017 WL 10574367, at *4 (C.D. Cal. Nov. 21, 2017) (finding an out-of-state defendant's contacts with the forum state in violation of the TCPA to be sufficient for the "but for" test); *Heidorn v. BDD Mktg. & Mgmt. Co, LLC,* No. C-13-00229 JCS, 2013 WL 6571629, at *8 (N.D. Cal. Aug. 19, 2013) (same); *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 29905, at *10 (N.D. Cal. Jan. 5, 2009) (same).

**C.     Prong Three: Reasonableness**

When the first two inquiries in the personal jurisdiction analysis have been satisfied, the burden shifts to defendants to show that jurisdiction would be unreasonable. *Schwarzenegger*, 374 F.3d at 802.  Defendants bear a "heavy burden" of overcoming this presumption.  *Ballard*, 65 F.3d at 1500.  To determine the reasonableness of litigating in the forum state, courts consider the following factors:

> [1] the extent of the purposeful interjection into the forum state, [2] the burden on the defendant of defending in the forum, [3] the extent of conflict with the sovereignty of defendant's state, [4] the forum state's interest in adjudicating the dispute, [5] the most efficient judicial resolution of the controversy, [6] the importance of the forum to plaintiff's interest in convenient and effective relief, and [7] the existence of an alternative forum.

*Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir. 1981) (citations omitted).

Here, Defendants assert that "it is inherently unreasonable to require Defendants to travel to California to defend themselves when there is no evidence supporting its [sic]

involvement with the phone calls at issue in this case." (Mem. of P. & A. at 7:9–12.)  As already established, Defendants' alleged conduct amounts to purposeful direction of their activities into California.  Even if it is more burdensome for Defendants to litigate in California given that Mr. Cohen's residence and BFA's principal place of business are in New York, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *See CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004). Additionally, California has a strong interest in providing an effective forum to litigate harms caused by unlawful violations of the TCPA.  Although New York is a viable alternative forum and there may be witnesses with knowledge of Defendants' conduct in New York, there also may be witnesses to the same in California.  Additionally, Plaintiff has an interest in litigating in California. *Id.*  ("Litigating in one's home forum is obviously most convenient[,] . . . however, . . . this factor is 'not of paramount importance.'") (quoting *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003)).

Because Defendants have not overcome their high burden to show unreasonableness, the *Schwarzenegger* factors weigh in favor of California as a reasonable forum to litigate the alleged TCPA violations. *See j2 Global*, 2009 WL 29905, at *10 (finding that specific jurisdiction over out-of-state defendant's alleged TCPA violation in California was not unreasonable); *see Heidorn*, 2013 WL 6571629, at *8 (same).

## IV. CONCLUSION

Because Plaintiff has pled uncontroverted facts that, if true, would establish agency liability sufficient to establish specific jurisdiction over both named Defendants, the Court **DENIES** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.  Defendants must file an answer to Plaintiff's First Amended Complaint no later than **August 16, 2021**.

**IT IS SO ORDERED.**

**DATED: August 2, 2021**

Hon. Cynthia Bashant
United States District Judge

- 13 -

20cv1748