UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BF ADVANCE LLC, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 20-cv-1748-BAS-WVG<br><br>**ORDER GRANTING PARTIES JOINT MOTION TO DISMISS (ECF No. 48)** |

　　　　Before the Court is the parties' joint motion to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (Mot., ECF No. 11.) Plaintiff Anton Ewing brought this consumer protection action in federal court on September 8, 2020, alleging that Defendants BF Advance LLC and Joseph Cohen violated the Telephone Consumer Protection Act, the California Consumer Privacy Act, and several provisions of the California Penal Code. (ECF No. 1.) He filed his First Amended Complaint on February 17, 2021, which Defendants moved to dismiss on April 12, 2021. (ECF Nos. 18, 24.) The Court issued an Order denying Defendants' motion to dismiss and, in accordance with that Order, Defendants filed their Answer to the First Amended Complaint on August 16, 2021. (ECF Nos. 33, 34.) On December 14, 2021, the parties jointly moved to dismiss this action, announcing that they had agreed to settle the dispute amicably. (Joint Mot., ECF No. 48.)

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing, *inter alia*, *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Blue Mountain Constr. Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert. denied*, 361 U.S. 931 (1960)). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

Because Defendants do not identify, nor does the Court find apparent, any legal prejudice that might result from dismissal of this action with prejudice, the Court **GRANTS** the Joint Motion to dismiss the action with prejudice. (ECF No. 48.) The clerk of court shall close this case.

**IT IS SO ORDERED.**

**DATED: December 14, 2021**

Hon. Cynthia Bashant
United States District Judge